Gershengorn, Wendie I., J.
Plaintiff Paul Fenichel (Fenichel) brought the instant action against defendants BJ’s Wholesale Club, Inc., chief information officer Roland Laferriere, vice president Tom McMahon, and vice president Julie Garceau (collectively, defendants or BJ’s) alleging age discrimination and retaliation in violation of G.L.c. 15IB.[2] The matter is before the court on Fenichel’s motion to compel certain statistical data, company policies and procedures, internal complaints of discrimination, and any civil actions for discrimination and retaliation brought against BJ’s. For the following reasons, Fenichel’s motion is DENIED in part and ALLOWED in part.
BACKGROUND
Fenichel was employed by BJ’s in the Information Technology Department (IT department) of its Natick office from 1991 until 2003, when he was terminated. At no time did Fenichel work in any other department or at any other location. Following the filing of this action, Fenichel made and served numerous document requests and interrogatories. Upon BJ’s refusal to accede to several of Fenichel’s requests, he filed the instant motion. Fenichel requests the following: (1) statistical information regarding the percentage of all BJ’s employees over age forty and the names and reasons for termination of all BJ’s terminated employees over a ten-year period; (2) all information relative to any internal complaints of employment discrimination, harassment and retaliation and to any lawsuits filed claiming a violation of G.L.c. 15IB; and (3) BJ’s personnel policies from 1991 until the present concerning documentation retention, disciplinary procedures, harassment, or any other personnel policies. The court will address each category in turn.
DISCUSSION
1.Statistical data
Although Fenichel correctly contends that statistical data can provide partial support for a discrimination claim, Buckley Nursing Home, Inc. v. Massachusetts Comm’n Against Discrimination, 20 Mass.App.Ct. 172, 179 (1985), his request in this regard is overly burdensome. In order to comply, BJ’s would have to cull this information from the records of over 9,000 employees working in every department and in all geographical locations. Additionally, much of that information is irrelevant where many of those employees are not similarly situated to Fenichel, in that either they do not work in IT or work in another capacity. See Matthews v. Ocean Spray Cranberries, Inc., 426 Mass. 122, 129 (1997). BJ’s has agreed to provide a list of all employees in the IT department and all those terminated between 1995 and September 2007. The court considers this to be sufficient.
2.Complaints and lawsuits
Fenichel’s request for information regarding all internal complaints of discrimination and any internal investigations of same is overly burdensome for the reasons described above. Such information is also not relevant where Fenichel cannot establish discrimination absent evidence that these employees were similarly situated. BJ’s has agreed to provide a list of age discrimination lawsuits and charges since 2000 involving employees in the IT department. The court agrees that only those claims by IT employees should be provided, but will allow claims dating from 1995, as with the statistical data.
3.BJ’s policies and procedures
Fenichel argues that BJ’s has not provided all its policies and procedures regarding discrimination and employee discipline. BJ’s contends that it has supplied everything available. Where Fenichell’s contention that there are additional policies rests on conjecture, the court cannot compel BJ’s to supply that which it claims it does not have.
ORDER
For the aforesaid reasons, the plaintiffs motion to compel is DENIED, with the exception of his request for information regarding claims of discrimination against BJ’s, which is ALLOWED only as to those by employees in the IT department between 1995 and the present.

 Fenichel also brought a claim for defamation, but his motion to compel is regarding only his claims of discrimination and retaliation.